## CIRCUIT COURT OF HENRICO COUNTY

Edward Wyatt

v.

Catherine Wyatt

September 25, 1989

Case No: CH85000386-00

By JUDGE JAMES E. KULP

This matter came before the Court on September 18, 1989, upon Mr. Wyatt's motion to reduce or eliminate spousal support. After hearing evidence, the Court took the matter under advisement and now issues this opinion.

The history of this case shows that the parties married in September, 1979, and separated in February, 1985. In a hearing before Judge Byrne in July, 1985, it was ordered that Mr. Wyatt pay spousal support to Mrs. Wyatt in the amount of $500.00 per month. At this time, Mr. Wyatt was earning $1,875.00 monthly as a teacher, and Mrs. Wyatt was unemployed. The issue of spousal support came before Judge Byrne again in June, 1986, at which time Mr. Wyatt was still earning $1,875.00 per month, and Mrs. Wyatt was then earning $1,014.00 per month. Judge Byrne again continued the spousal support for Mrs. Wyatt at $500.00 monthly.

The matter came before me in October, 1986, upon Mr. Wyatt's motion to reduce spousal support since he was then unemployed. The Court continued the matter during which time Mr. Wyatt obtained part-time employment as a teacher earning $1,123 per month. Relying upon the doctrine in *Taylor v. Taylor*, 203 Va. 1 (1961), that the Court not only looks to actual earnings, but also the parties' ability to earn, the Court denied Mr. Wyatt's

motion to reduce spousal support. A final decree of divorce was entered by the Court on August 5, 1987.

At the latest hearing, Mr. Wyatt continues to teach, but his monthly pay has been reduced to $1,616.67 per month. For a period of time, Mrs. Wyatt was employed by a physician earning $20,000.00 annually. Mrs. Wyatt has chosen to move to North Carolina where she is sharing a condominium with a male friend. She works for Kennametal, Inc., earning $8.00 per hour for a forty hour week. The Court finds that Mrs. Wyatt has shown the ability to earn more money than she is receiving in her current employment. *See Taylor v. Taylor, supra.* Her earning capacity exceeds that of Mr. Wyatt. Accordingly, the Court finds that Mr. Wyatt has established both a material change in circumstances and need for support.

The Court will eliminate the requirement of Mr. Wyatt to pay spousal support to Mrs. Wyatt as of September 1, 1989.